Case number 17-6002, I. L. et al. v. TN Department of Education Or arguments to be 15 minutes per side. Mr. Justin Scott Gilbert for the appellant. Good morning, Mr. Gilbert. Good morning, Your Honors. I'd like to reserve three minutes if that's okay. May it please the Court, I'm from Chattanooga, and over the last five years I've devoted a large portion of my practice to representing children with Down syndrome. I've done that in Tennessee, Kentucky, and Michigan. And what I've been trying to do is ensure that those children, particularly the younger ones, can be integrated into the regular education classroom because that immersive experience helps them learn faster. I've found two problems over the last five years with helping this population. One is that the due process procedures become very adversarial. As a child of two lifelong teachers, I know that they are underpaid frequently and they feel attacked through the due process procedures. And so frequently what needs to be a harmonious relationship between special needs children and their teachers becomes one of friction. The second problem with due process procedures is that they are simply too expensive for most parents of children with special needs to afford. So the solution to those two problems, I believe, is this other avenue known as the complaint resolution procedure. It is a state avenue that doesn't require parents to get an attorney like me. It can be done for free. And you're expensive, right? Just kidding. I am sometimes expensive. The complaint resolution procedure is free. Is it a resolution or a review procedure? Actually, I think it is a review procedure, Your Honor. There's a separate resolution procedure, which is more like a mediation, but a review procedure, yes. It is less expensive. It's also less adversarial in the sense that it is more collaborative. And when you have this population of special needs children, particularly kids with intellectual disabilities, they often don't have an option to go to private school. So it's extremely important that their relationship with the public school remains intact. In working with Michigan, the state review procedure, it seems that that is working. But in Tennessee, it has not been working. Mr. Bill Wilson is the Associate General Counsel, and he wrote a letter to my client's education advocate explaining that if you have a matter of placement, you have to go through due process. They will not consider it under CRP. And that's what my case is about. It's a child with Down syndrome who is seeking placement in her least restrictive environment. Placement doesn't mean a particular school. It means, in this case, the part of the classroom almost, right? It doesn't mean a particular school necessarily. That's correct. The least restrictive environment means the most access to your non-disabled peers to the maximum extent appropriate. So you may have some pull-out education, one-on-one aid, help like that. But it's really trying to get access to your non-disabled peers so that you can learn quickly from them. Am I right to ask whether or not the decision-making must take into account the diminishing benefits to the non-disabled children in the classroom, if that exists? That can be a factor. The Sixth Circuit case is Ronker, R-O-N-C-K-E-R, and it does look at the benefits to the child in question, the child with a disability. It also can look at any harm that could come to the non-disabled children. So it is a factor, yes. But my mission here is to try to open up the CRP process that is closed and try to get some restitution for IL's mother for having to pay attorney's fees and go through this very expensive adversary process. Hasn't Tennessee changed the procedure in response to the U.S. Department of Education's inquiries? They claim they have. The evidence does not show that. If you're referring to what they told the U.S. Department of Education, our position is that is absolutely incorrect. They told the Department of Education we are available for substantive complaints. The truth of the matter is they are available for procedural complaints only, and if a procedural complaint results in a substantive violation, they may hear that. And as we went through discovery, our evidence bore that out. The district court didn't ever reach that, but it's not the case that it is open. Let's see, the U.S. Department of Education, it found the Tennessee Department in compliance in March of 2015, right? That was nine months before you filed suit. That's right. All right, now, what factual allegations do you have in your complaint that allegedly shows that the Tennessee Department is not in compliance? The lawsuit actually has a very detailed section about the TDOE not being in compliance, and it says that they will not consider. What's the facts, though? Wasn't that based on this letter that they had issued earlier, well before you were filing suit, back in 2014, wasn't it? Right. The facts are not only the letter, but the Down syndrome community is relatively a tight-knit community, and there were three other parents, actually two parents with children with Down syndrome, and one parent of a child with autism who did try to go through the CRP. All right, and that was also prior to March of 2015, wasn't it? I can't place off the top of my head those dates, Your Honor, but once we got in the lawsuit, we obtained discovery of everything that was actually considered before and after that letter, and we could not find any purely substantive complaints that were. So are you asking us to second-guess a determination made by the U.S. Department of Education? They say they're in compliance, so you're contesting their compliance certification, but isn't it some sort of deference we should give the federal government here? I never got to present my evidence to the district court. The U.S. Department of Education received some letters, much like the EEOC does, and they made a ruling based on that. I actually have the evidence. I have the people. I have the experience. I have the statistics. I have the Wilson letter. I mean, my question, is the certification by the U.S. Department of Education that Tennessee is in compliance, is that or is it not entitled to some deference from us? I don't think that would be entitled to deference. I think if they had made a, like the Office of Special Education Programs, if they had made a guidance ruling or something, that would be entitled to some persuasive deference. But I would say that their conclusion is based on reading a letter from Mr. Joey Hassel that said, Mr. Bill Wilson didn't mean what he said, he meant this. That's not entitled to deference. I mean, you never actually sought to proceed under the complaint review process, did you? I did not, because I knew it was futile. It would have been dead in the water. So we went to- Well, I mean, you say that, but how did you know it would be futile? Because you filed suit after the federal government department said the Tennessee Department was in compliance. Because I knew that what Bill Wilson was saying was, in fact, correct. I had the benefit of speaking to the other mothers who had had that experience, and I knew that when Joey Hassel wrote, Mr. Wilson didn't mean what he said. That was all before the Tennessee Department responded to the U.S. Department of Education, right? I can't, I just, John, I'm afraid to answer that question one way or the other on the timing, because I can't remember. Well, Mr. Gilbert, I know the timing here. The U.S. Department of Education, in response to the letter that you rely on in the other case, the U.S. Department of Education, in September of 2014, requested that the Tennessee Department of Education clarify their policy, and the Tennessee Department clarified their policy in October of 2014. It's that October 2014 from Tennessee Department of Education that led to the approval of the certification by the U.S. Department of Education in March 2015. Well, anyway, the time frame is Tennessee changed their policy in October 2014. Your due process hearing happened a month later, in November of 2014. And at that time, Tennessee at least purported to change their policy to do exactly what you want them to do. And they had done it a month earlier, and down the road that was found to be sufficient. So, I mean, why didn't, you know, it's hard for me to see why you wouldn't attempt to go through the complaint review procedure when at least at that time, in October of 2014, Tennessee was changing it the way you wanted it to change. I know they didn't. I did have... Well, they said they were going to, and you can say, well, they didn't really follow through, but I don't even know how you knew that. Right in November when they just changed it in October. I had another case going on with another child with Down syndrome, the LH case in Chattanooga, and I knew it from that as well. But additionally, Your Honor, this was a child who was integrated at the time, and so I faced a situation of the school wanting to move the child out versus gamble on this CRP filing. If I filed in due process, I had 10 days under what's known as a stay-put provision to keep the child integrated. And so the situation I faced was the Wilson letter, working with another child in Chattanooga, and gambling on what I knew would not work with CRP or due process to keep this child placed. And so I thought, and I think correctly, I will keep the child placed through due process. I will go through that painful process, and once I do that, I'll take up this issue of the failed CRP. And I think that, given the circumstances I was under, that was the right decision to make. Thank you. May it please the Court, good morning. My name is Michael Markham here on behalf of the Appellee, the Tennessee Department of Education. The questioning this morning, I think, is it's – I guess what I'm trying to say is I'd like to try to refocus on what the issue on appeal in this matter is. I think the Court was asking a lot of questions about substantively what the proof in the record was and some of the timelines. But the issue on appeal is, is there even a private right of action to sue for an alleged denial of CRP? And a lot of the Court's questionings, as I understood them, were really more at assuming there was.  But – and the first thing I'd like to address is, as the Court is aware, it asked the parties to brief the issue of whether this claim had been exhausted in the due process hearing, and if not, why it wasn't under FAPE – excuse me, under the Supreme Court decision in Frey. The Court has our briefs, and the State's position is simply that under Frey, there was no need to exhaust because this case and the denial of FAPE does not – excuse me, the denial of CRP does not implicate the denial of FAPE. And because it does not implicate the denial of FAPE, there is no claim to exhaust. Moving to the issue of whether or not there is a private right of action, the District Court found, and the State had argued, that in fact there is not a private right of action. It doesn't seem like counsel even wrestles with that question, the private right of action. I agree. In his brief. I agree, Your Honor. And I think, in particular, this Court's decision in Traverse Bay, I think opposing counsel really does very little to address, and I think that case is very powerful and very dispositive of this case here. I think Traverse Bay is essentially the opposite side of the same coin in this case. In Traverse Bay, this Court had to determine whether an LEA, a local education agency, had a private right of action against the State for the State's alleged failure to comply with the procedural safeguards of the IDEA. This case is really, again, the opposite side of that same coin, which is, does a parent have a private right of action to do that? And while this Circuit has not ruled on that specific issue, other District Courts in the Circuit have, and they have all, I believe they have all found that there is no private right of action. Plaintiffs do point to two other Circuits, I think it's the Third and the Ninth, which have found that there is a private right of action, but I believe those decisions are no longer good law in light of Frye. Frye does essentially, says essentially two things. One, that the only relief available under the IDEA is for a denial of fate, free appropriate public education, and that if your claim involves a denial of fate, you have to exhaust it. And I think what's important in Frye is not only that conclusion, but how they get there. As this Court is well aware, the Frye decision was an appeal from this Circuit, and the Supreme Court in its decision specifically rejected this Court's ruling that any claim, that the IDEA covered any claim with an articulable connection to a disabled student's education. And the Supreme Court said no, paraphrasing, but that's too broad. The only thing that can be addressed under the IDEA are decisions that implicate fate. Well, you know, I guess I looked at Frye, and I didn't see that it addressed the scope of the IDEA's cause of action. It dealt with the extent to which the statute's exhaustion requirement applied to suits seeking relief under other causes of action that protect disabled children. Is that not the correct reading of Frye? Well, that was at issue. But in getting there, the Court did say that the only relief you can get under the IDEA is for the denial of fate. And again, in getting to that decision, it rejected this Court's ruling that the IDEA provided relief for any claim that had an articulable connection to a disabled student's education. I mean, there are these other circuits that have held that the IDEA's cause of action permits litigants to bring claims affecting systemic violations of the IDEA, right? That's correct, Your Honor. Do you think Frye affects those other circuits' decisions? I think it may. And I think that question is probably broader than this Court needs to address for this case. But I do think that it does call into question whether or not, particularly when an SEA, the State Education Agency, has been sued. I think it does call into question whether that is permissible under the IDEA. And it also, I think, implicates a line of cases that the District Court addressed in its decision. But it's the line of cases addressing Congress's power under the spending clause and what it can do. The District Court cited two cases, Pennhurst and Arlington. Pennhurst for the general proposition that when Congress conditions receipt of federal funds on a state agency, it can place obligations on that agency, but those obligations have to be clear and unambiguous. And then later, the Supreme Court in Arlington actually looked at an issue under the IDEA, and it was whether a prevailing parent is entitled to receive expert fees as part of... Well, tell me this. I mean, after the State Department responded to the U.S. Department of Education about this complaint review process, I mean, is the complaint review process open to plaintiffs like Eyal now or not? Yes, Your Honor. And it was the State's... Yes. The answer is yes. And just to try to explain, part of what complicates this particular case is just the procedural background where I had filed a motion to dismiss on behalf of the state, raising various issues. That had not been decided, ruled on by the time, the dispositive motion deadline, by the time we hit that. So the parties filed competing motions for summary judgment. And so there is a significant amount of proof in the record. But as opposing counsel points out, the district court didn't get to any of that and simply said there's no private right of action, so it didn't look at any of the proof. Having said that, the state disputes opposing counsel's characterization of the record. And I submitted what I felt like was a significant amount of proof showing that the state had been addressing these types of issues both before the time period that the mother in this case sought to go through CRP and after. And that the exact types of issues that she wanted to raise and did, in fact, raise in due process, the state had addressed through CRP. This court doesn't know that. I mean, that argument isn't really necessary to the issue at hand, which is dismissal on the basis of no private right of action. That's the first issue. The second issue you raise is the alternative argument, that they failed to state a claim upon which relief can be granted because they never attempted to use this process that had been changed because of all the things we just talked about with opposing counsel. Isn't that a narrower grounds to decide this case rather than for us to delve into the issue of whether there's a private cause of action? And, I mean, normally we judges look for the narrowest grounds to decide cases. We don't go out looking for the broadest grounds to decide cases. But isn't your alternative argument a narrower ground for us to do it? It is, Your Honor. It is. And you stand by that argument? You agree? Yes, Your Honor. Okay. And it was a—and I think that is agreed that that is a narrower ground, but the issue that the district court found— But you raised this in the district court. Even though the district court didn't rule on it, we can still affirm on grounds that are raised that are not ruled on, that are preserved, right? That is correct, Your Honor. This was—and getting back to kind of the procedural issue that this case arose from, I did raise that specifically in my motion to dismiss, and then subsequently in the summary judgment motion raised the no private right of action, and the court just ruled on that, Your Honor. Okay. So for those reasons, and barring any further questions, we would ask you to affirm the dismissal. Thank you. Thank you. Thank you very much. Thank you. Judge Cook, let me wrestle. Okay. Statutes is my brief. Please do. Did not adequately do so. We love wrestling. Okay. The Beth V. case from the Third Circuit says that 20 U.S.C. 1415b-6, which talks about a party can present a complaint with respect to any matter relating to identification, evaluation, or educational placement of the child or FAPE. That's the Third Circuit. That's the Third Circuit. Right. That's the only case I know of that has confronted the issue of the CRP not being available. There are some other cases that talk about once you go through CRP, is that the equivalent of exhaustion? But the Beth V. case is the only case I know of that the CRP is just not available, and they cite 1415b-6 for the proposition that that is the express provision creating a right of action. Not in my brief is the amendments in 2004 to the IDEA, 615F3F. And, again, that was in 2004 where it says due process does not affect one's rights under CRP. So, plainly, Congress is intending for CRP to be available for parents of children with special needs. Indeed, that's why we have substantial regulations spelling that out. In terms of narrow- Regulations, though, provide particular avenues to approach that short of a- The regulations. Yeah. Well, I mean, you're talking about there's a whole scheme, right? Yes, there is. Is that scheme? The question becomes, then, is does that scheme include and just go ahead and sue them in federal court, the mother? If the state refuses to open the channel, then a suit for injunctive relief would be available for that, Your Honor. Yes. The narrower ground, Judge Griffin, the court didn't reach our evidence, but we did request for production. We got all of the evidence of what was actually considered in this CRP before and after the federal government complaints, and we're prepared to show that it is not open and that that letter from Mr. Bill Wilson, which is hardly ambiguous. I mean, it says what it says, that that is continuing to be the situation. Now, your argument is the practical answer, not the legislative or the statutory. Right. The evidence. I'm trying to- Evidence that it's, in practice, not being made available. Right. I'm trying to parry with Judge Griffin. But this court can't- Even if it's true in another case, how does it show that you are injured here? You could say, well, in somebody else's case, they didn't comply with what they said they were going to do, and therefore they would probably do the same thing in our case, but we don't really know that, do we? Well, if the Associate General Counsel says that this is not open for- No, but he says the opposite. He says it is open. The Associate General Counsel, Mr. Wilson, says that it is not open, that only procedural matters will be considered, and if it's a substantive issue like placement, you must go to due process. And the evidence after that continues to bear that out. The district judge never got to our evidence, but we had a chart of all of that to show that this has not changed. So I want to urge that that would not be a good alternative narrow ground because our evidence shows- Did you allege any of that in your complaint? I don't know if our complaint set that forth because we got that evidence in discovery. We alleged that the CRP was closed in our complaint, and then based on that, we were able to get all of the other complaints that had been considered even after our filing. Thank you, Your Honor.  Thank you both for your arguments. It's an interesting case, and we will consider it carefully and issue an opinion in due course. Thank you.